UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CLARENCE LEE JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 24-4222 |
| JAMES E. SHADID, *et al.* | ) ) ) |
| Defendants. | ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("TDF" or "Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). This Court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

As a threshold matter, Plaintiff's motion for leave to file an amended complaint (Doc. 10) is granted. Fed. R. Civ. P. 15(a). In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Enough

facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff appears to allege several events related to proceedings in a state court criminal case that occurred in 2006-07. Section 1983 cases have a two-year statute of limitations, see *Liberty v. City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017), and no plausible inference arises that the claims Plaintiff seeks to assert are timely. The judges and prosecutors Plaintiff sued are also entitled to absolute immunity for all actions taken in their respective capacities in that case. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011); *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017). Public defenders and private defense attorneys are not state actors amenable to suit under § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).

To the extent that Plaintiff seeks to overturn his conviction, his exclusive remedy lies in a habeas corpus proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for individuals challenging a fact or duration of confinement and seeking immediate or speedier release from custody). *Heck v. Humphrey* bars any claims cognizable in habeas corpus unless and until Plaintiff successfully overturns his conviction. 512 U.S. 477, 487-89 (1994).

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. The Court would ordinarily grant Plaintiff an opportunity to amend his complaint per this circuit's standard practice, but, because Plaintiff's claims are time-barred, are not cognizable under § 1983, and sues individuals immune from or otherwise not amenable to suit, the Court finds that any amendment would be futile. The Court will dismiss Plaintiff's claims accordingly.

**Plaintiff's Motion to Request Counsel (Doc. 4)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [10] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **Plaintiff's Petitions to Proceed in forma pauperis [3][8] are DENIED.**

3) **Plaintiff's Motion to Request Counsel [4] is DENIED.**

4) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

5) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does**

**choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 4th day of February, 2025.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
